UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

PAC COMM INC.,

    Debtor.
_____/

DREW M. DILLWORTH AS CHAPTER 7
TRUSTEE,

    Plaintiff,

-vs-

POWER FINANCIAL CREDIT UNION,

    Defendant.
_____/

Case No. 21-19682-RAM

Chapter 7

Adv. Pro. No. 23-01206-RAM

## AMENDED[1] COMPLAINT

COMES NOW, Plaintiff, DREW M. DILLWORTH as Chapter 7 Trustee (hereinafter "Trustee") in the above-styled matter, and sues the Defendant, Power Financial Credit Union (hereinafter "Power" or "Defendant"), and states the following in support hereof:

1. Debtor, Pac Comm Inc., filed a voluntary petition (the "Petition") under Chapter 7 of Title 11 of the United States Code on the 6th day of October 2021 ("Petition Date") in Bankruptcy Case No. 21-19682-RAM (the "Bankruptcy Case").

2. The Trustee is the duly-appointed and permanent Chapter 7 Trustee of the Bankruptcy Estate of Pac Comm Inc., in the Bankruptcy Case.

3. This Court has jurisdiction over this matter, the venue is proper in this Court and all parties hereto are *sui juris*.

---

[1] Clarifying sued-upon transfers on Exhibits "A" and "B".

4. At all-time material, Emmanuel Pacin ("Owner") was the sole owner of the Debtor, and has been since its commencement of operations in December 2005.

5. Owner deceived the Debtor to pay Owner's, and his respective family members', personal expenses, such as automobile insurance, rent, home improvements, and credit card bills---all while Debtor received no consideration of any kind in return for these payments.

6. Upon information and belief, Debtor's principals and/or officers may have executed applications or similar documents (the "Loan Agreement") in the name of the Debtor in exchange for loans, lines of credit, credit cards or other indebtedness with the Defendant, but for which Debtor received no consideration or value; and, in fact, the Debtor received no value in exchange for such Loan Agreement, and the proceeds and credit derived from such Loan Agreement were not for the benefit of Debtor.

7. To the extent that any of the Loan Agreements were issued in the name of the Debtor they were not authorized by the Debtor and were not obligations of the Debtor; and, were truly personal credit cards for the benefit of owner and provided no benefit or consideration to the Debtor.

8. The Debtor paid or transferred to the Defendant no less than the sum of $11,000.00 (the "**Two-Year Transfer**") was:
    (a) made within two (2) years preceding the Petition Date;
    (b) made from the Debtor's bank account;
    (c) the property of the Debtor; and,
    (d) made to or for the benefit of the Defendant on the dates and in the sums identified on the attached Exhibit "A".

9. Additionally, Debtor paid or transferred no less than the sum of $91,000.00 (the "**Four-Year Transfers**") were:
    (a) made from Debtor's bank accounts;
    (b) the property of the Debtor; and,

      (c) made to or for the benefit of the Defendant on the dates and in the sums identified on the attached Exhibit "B".

10. Debtor was insolvent at all times material in regards to each of the sued-upon transfers, as the Debtor:

  (a) was not paying its debts as they generally came due at the time of each of the sued-upon transfers herein; or,

  (b) was involved in litigation as a defendant for failing to timely pay its debts and otherwise in default on said debts; and,

  c) had liabilities which exceeded the true value of Debtor's assets.

11. Non-exclusive examples of preexisting debts owed to creditors prior to the sued-upon transfers were:

  a. Debtor was sued for non-payment of debts, pre-petition, by International Finance Bank ("IFB") in the Eleventh Judicial Circuit of Florida in Case No. 2021-000794-CA-01 for the sum of $750,000.00 for debts arising from default under a line of credit agreement entered between the IFB and Debtor on or about December 12th,2018;

  b. Tractor & Equipment Company ("TEC") in the Eleventh Judicial Circuit of Florida in Case No. 2020-017226-CC-23 for the sum of $8,631.05 for outstanding unpaid debts owed to TEC by Debtor on or about April 16th, 2019;

  c. Monroe Concrete Products, Inc. ("MCP") in the Eleventh Judicial Circuit of Florida in Case No. 2020-016097-SP-25 for the sum of $7,942.00 for outstanding unpaid debts owed by Debtor to MCP on or about August 26th, 2019;

  d. Builders Services Group, Inc. d/b/a Gale Insulation ("BSG") in the Eleventh Judicial Circuit of Florida in

      Case No. 2020-006665-CC-26 for the sum of $6,577.00 for outstanding unpaid debts owed by Debtor to BSG on or about October 14th, 2018.

  e. Seacoast National Bank was owed, on loan account ending 3542-1, the sum of $750,000.00 for debt incurred on or about May 31st, 2016;

  f. Seacoast National Bank was owed, on a separate account ending 3542, the sum of $1,052,943.46 for debt incurred on or about May 31st, 2016;

  g. Wells Fargo Equipment Finance, Inc. was owed, on account ending 8704, the sum of $53,413.78 for debt incurred on or about January 18th, 2018;

  h. International Finance Bank was owed, the sum of $950,000.00 for debt incurred on or about December 12th, 2018;

  i. LSC2020, LLC was owed, on account ending 2944, the sum of $583,250.91 for debt incurred on or about May 16th, 2017; and,

  j. Frankenmuth Mutual Insurance Company was owed, the sum of $6,717,159.99 for debt incurred on or about April 26th, 2019.

12. At all times material, the records of the Debtor do not reflect that the Debtor was obligated to Defendant for any form of debt or otherwise received value in exchange for such transfers.

## COUNT I – FRAUDULENT TRANSFERS (11 U.S.C. Sec. 548(a)(1)(B))

13. Paragraphs 1 through 8 and 10 through 12 are herein re-averred and re-alleged.

14. The Two-Year Transfers and Loan Agreement(s) were transfers of property of the Debtor, an interest in property of the Debtor, or an

4

obligation incurred by the Debtor, that were made or incurred by Debtor within two years before the Petition Date.

15. The Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers and Loan Agreement(s); and, the Debtor

   a. was insolvent on the dates of the said Two-Year Transfers and Loan Agreement(s), or became insolvent as a result of such Two-Year Transfers and Loan Agreement(s);

   b. was engaged in business or a transaction, or was about to engage in business in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or,

   c. intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay such debts as they matured.

16. The Trustee is entitled to recover the Two-Year Transfers and avoidance and of the Loan Agreement(s), plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551) judgment in the Trustee's favor avoiding the Two-Year Transfers and Loan Agreements, awarding the Trustee recovery of the Two-Year Transfers or value thereof, pre-and post-judgment interest, setting aside the Loan Agreement(s) and deeming them a nullity, and such other relief that this Court deems equitable and just.

### COUNT II – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.106(1))

17. Paragraphs 1 through 7 and 9 through 12 are herein re-averred and re-alleged.

18. The Four-Year Transfers and Loan Agreement(s) were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that were made or incurred within four years before the Petition Date.

5

19. The Debtor received less than reasonably equivalent value in exchange for each of such Four-Year Transfers and Loan Agreement(s).

20. At the time of each of the Four-Year Transfers and Loan Agreement(s), the Debtor had creditors whose claims arose prior to the Four-Year Transfers and Loan Agreement(s).

21. Debtor was insolvent at the time of each of the sued-upon Four-Year Transfers and Loan Agreement(s) or became insolvent at the time of each of the sued-upon Four-Year Transfer and Loan Agreement(s).

22. The Trustee is entitled to avoid and recover these Four-Year Transfers plus pre-judgment and post-judgment interest thereon and avoidance of the Loan Agreement(s).

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 550, and 551; and, Fla. Stat. Ch. 726) judgment in the Trustee's favor avoiding the Four-Year Transfers and Loan Agreement(s), awarding the Trustee the recovery of the Four-Year Transfers or value thereof, plus pre-and post-judgment interest, setting aside the Loan Agreement(s) and deeming them a nullity and such other relief which this Court deems equitable and just.

## COUNT III – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.105(1)(b))

23. Paragraphs 1 through 7 and 9 through 12 are herein re-averred and re-alleged.

24. The Four-Year Transfers and Loan Agreement(s) were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that were made or incurred before the Petition Date.

25. Claims of creditors of the Debtor arose prior to and after the Four-Year Transfers and Loan Agreement(s) being made by the Debtor to Defendants.

26. Each of the Four-Year Transfers and Loan Agreement(s) were made without the Debtor having received reasonably equivalent value in exchange for each of the Four-Year Transfers, and the Debtor:

   a. was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or
   b. intended to incur, or believed or reasonably should have believed that Debtor would incur, debts beyond Debtor's ability to pay as they became due.

27. The Trustee is entitled to avoid and recover these Four-Year Transfers, plus pre-judgment and post-judgment interest thereon, and avoidance of the Loan Agreement(s).

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 550, and 551; and Fla. Stat. Ch. 726) judgment in the Trustee's favor avoiding the Transfers and Loan Agreement(s), awarding the Trustee the recovery of the Four-Year Transfers or value thereof plus pre-and post-judgment interest, setting aside the Loan Agreement(s) and deeming them a nullity and such other relief which this Court deems equitable and just.

## **COUNT IV—UNJUST ENRICHMENT**

28. Paragraphs 1 through 7 and 9 through 12 are herein re-averred and re-alleged.
29. Debtor conferred a benefit on Defendant by virtue of the Four-Year Transfers and entering into the Loan Agreement(s).
30. Defendant voluntarily accepted and retained the benefits conferred, which were the Four-Year Transfers and entering into the Loan Agreement(s).
31. The circumstances render Defendant's retention of each of the Four-Year Transfers and entering into the Loan Agreement(s),

which was the benefit conferred on them by Debtor, inequitable unless Defendant pays Debtor the value of the Four-Year Transfers and avoids the Loan Agreement(s).

32. Among the reasons it would not be equitable for Defendant to retain the Four-Year Transfers and the Loan Agreement(s) are:

    (a) Debtor never owed anything to Defendant;

    (b) Debtor obtained no benefit from the Four-Year Transfers and Loan Agreement(s);

    (c) the legitimate creditors of the Debtor did not receive the benefit of the Four-Year Transfers and Loan Agreement(s);

    (d) it would now be cost-prohibitive for the creditors to sue to recover the Four-Year Transfers and avoid the Loan Agreement(s); and,

    (e) the instant Defendant should recover from the true parties who owed/used said monies, *i.e.* – the Owners/Principals and not the Debtor.

33. As a result of the misconduct of the Owners/Principals of the Debtor and others, the Defendant has been enriched at the expense of the Debtor.

34. Defendant has been enriched directly and indirectly by the value of the sued-upon transfers, and the gains and profits derived from the transfers, by virtue of the payment of debts of another, other than the Debtor.

35. The Loan Agreement(s) were entered into without reliance upon representations of the financial condition of the Debtor and were designed to avoid payment to the creditors of the Debtor, and was solely for the benefit of third parties, not the Debtor.

36. Defendant was unjustly enriched by virtue of the Four-Year Transfers and entering into the Loan Agreement(s).

WHEREFORE, the Trustee respectfully requests the Court to enter a Judgment in favor of the Trustee granting money damages in the amount of the Four-Year Transfers, avoiding the Loan Agreement(s), plus pre-and post-judgment interest, and

reasonable attorneys' fees and expenses, to the extent permissible by applicable law; and, granting such other and further relief as may be equitable and just.

Respectfully submitted,

JAMES B. MILLER, P.A.
Trustee's/Plaintiff's Counsel
19 West Flagler Street, Suite 416
Miami, Florida 33130
Telephone: (305) 374-0200
Facsimile: (305) 374-0250
jbm@title11law.com

By: _____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

I HEREBY CERTIFY that a true and correct copy of this Amended Complaint was served October 17th, 2023 via U.S. first class mail and certified upon: Power Financial Credit Union, Time Sensitive Legal Matter, Attn: Allan Prindle as President, 1100 NW 95th Street, Miami, FL 33150.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

By: _____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

## Exhibit "A" (Two-Year Transfer)

|   | Wire[2] | Date     | Amount      | From Acct#[3] |
|---|---------|----------|-------------|---------------|
| 1 | Wire    | 01/15/20 | $11,000.00  | WF-2955       |
|   |         | total    | $11,000.00  |               |

## Exhibit "B" (Four-Year Transfers)

|   | Wire/Check No[4] | Date       | Amount      | From Acct#[5] |
|---|------------------|------------|-------------|---------------|
| 1 | Wire             | 01/15/20   | $11,000.00  | WF-2955       |
| 2 | Wire             | 9/17/2019  | $20,000.00  | WF-2955       |
| 3 | 9303             | 12/26/2018 | $20,000.00  | IBF-7485      |
| 4 | 9094             | 8/3/2018   | $40,000.00  | WF-2955       |
|   |                  | total      | $91,000.00  |               |

---

[2] "Wire" refers to electronic wire payments from Debtor's account(s).
[3] "WF-2955" refers to Debtor's bank account at Regions Bank, Account No. 2000028232955.

[4] "Wire" and/or "Check No." refers to electronic wire or check payments from Debtor's account(s).
[5] "WF-2955" refers to Debtor's bank accounts at Regions Bank, Account No. 2000028232955; "IFB" refers to Debtor's bank account at International Finance Bank, Account No. 4107485.