UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISIÓN
www.flsb.uscourt.gov

In re:

PAC COMM INC.,

    Debtor.
_____/

DREW M. DILLWORTH AS CHAPTER 7 TRUSTEE,

    Plaintiff,

-vs-

POWER FINANCIAL CREDIT UNION,

    Defendant.
_____/

Case No. 21-19682-RAM

Chapter 7

Adv. Pro. No. 23-01206-RAM

## TRUSTEE DILLWORTH'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, Drew M. Dillworth, in his capacity as duly appointed, qualified, and acting Chapter 7 Trustee ("**Trustee Dillworth**") for the bankruptcy estate of Pac Comm Inc. (the "**Debtor**"), propounds upon Defendant, Power Financial Credit Union ("PFCU") ("herein **Defendant**"): (1) his First Request for Production, pursuant to Fed. R. Civ. P. 34, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7034.

These discovery requests are subject to the Definitions and Instructions set forth on Schedule A.

Dated:  June 14, 2024

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 14th day of June 2024 *via* ecf in pdf format immediately upon filing same with the United States Bankruptcy Court upon: Angelise Marie Petrillo, Esq.

Respectfully submitted,

/s/ *James B. Miller*
JAMES B. MILLER
Florida Bar Number 009164
jbm@titlelllaw.com
19 West Flagler Street, Suite 416
Miami, Florida 33130
Telephone:    (305) 374-0200
Facsimile:     (305) 374-0250
*Counsel for Trustee Dillworth*

## SCHEDULE A

## DEFINITIONS

A. "Trustee Dillworth" means Plaintiff, Drew M. Dillworth, the duly appointed, authorized, qualified, and acting Chapter 7 bankruptcy trustee of Debtor's bankruptcy estate and Plaintiff in the above-styled Adversary Proceeding, his attorneys, and anyone acting on his behalf.

B. "You," "Your" or "Defendant" means the Defendant(s) in the above-styled adversary proceeding, its attorneys, and anyone acting on its behalf.

C. "Debtor" means Pac Comm Inc. (FEI No. 56-2548965).

D. "Emmanuel Pacin" or "Pacin" means Emmanual Pacin whose social security number ends in (xxx-xx-0318).

E. "Adversary Proceeding" means the above-styled adversary proceeding.

F. "Complaint" means the complaint or any amended complaint of record in the above styled Adversary Proceeding.

G. "Transfer" or "Transfers" means those transfers made by Debtor to You at issue and set forth in the Complaint.

H. "Value" means property or satisfaction or securing of a present or antecedent debt of Debtor.

I. "Evidence," "refer," or "relate" means and includes supporting, showing, or being legally or logically connected with a matter in any way, including the document referred to.

J. "Document" is synonymous in meaning and equal in scope to the usage of this term as described in Fed. R. Bankr. P. 34, as adopted by Fed. R. Bankr. P. 7034. Document also includes electronically recorded information, correspondence, communications, text messages, emails, and similar forms of data.

J. "Communication," means the transmission, sending and/or receipt of information of any kind by and/or through any means, including without limitation, speech, writings, language, computer or electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type and/or other media of any kind.

## INSTRUCTIONS

A. Unless another date is specified by the terms of a particular request, the time frame applicable to these discovery requests is from October 2017 to present.

B. You are requested to produce all Documents within Your possession, custody or control, whether held by You or by Your agents.

C. A request to produce a Document includes all drafts and non-identical copies of such document, as well as in both native and non-native form.

D. These discovery requests are subject to the requirements set forth in Fed. R. Civ. P. 26, made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7026.

E. The Requests for Production are subject to the requirements set forth in Fed. R. Civ. P. 34, made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7034.

**REQUESTS FOR PRODUCTION**

1. Trustee Dillworth requests that Defendant produce and permit Trustee Dillworth to inspect and copy any and all Communications and Documents, including electronically stored information, that evidence, refer or relate to the following:

    A. All credit card applications and account statements relating or referring to the Debtor.
    B. All lines of credit applications and account statements relating or referring to the Debtor.
    C. All loan applications and account statements relating or referring to Emmanual Pacin.
    D. All credit card applications and account statements relating or referring to Emmanual Pacin.
    E. All lines of credit applications and account statements relating or referring to Emmanual Pacin.
    F. All loan applications and account statements relating or referring to Emmanual Pacin.
    G. All correspondence relating to any such accounts as identified in response to requests A through F above.
    H. All documents relating to the underwriting procedures and policies for the approval or disapproval of credit cards in the name of the Debtor.
    I. All documents relating to the underwriting procedures and policies for the approval or disapproval of lines of credit in the name of the Debtor.
    J. All documents relating to the underwriting procedures and policies for the approval or disapproval of loans in the name of the Debtor.
    K. All documents relating to the underwriting procedures and policies for the approval or disapproval of credit cards in the name of Emmanuel Pacin.
    L. All documents relating to the underwriting procedures and policies for the approval or disapproval of lines of credit in the name of Emmanuel Pacin.
    M. All documents relating to the underwriting procedures and policies for the approval or disapproval of loans in the name of Emmanuel Pacin.

N. All credit reports and due-diligence documents and information relied upon by PFCU in granting or authorizing the credit cards for the accounts subject of the transfers sued upon in this adversary proceeding in the name of the Debtor.

O. All credit reports and due-diligence documents and information relied upon by PFCU in granting or authorizing the lines of credit for the accounts subject of the transfers sued upon in this adversary proceeding in the name of the Debtor.

P. All credit reports and due-diligence documents and information relied upon by PFCU in granting or authorizing the loans for the accounts subject of the transfers sued upon in this adversary proceeding in the name of the Debtor.

Q. All credit reports and due-diligence documents and information relied upon by PFCU in granting or authorizing the credit cards for the accounts subject of the transfers sued upon in this adversary proceeding in the name of Emmanuel Pacin.

R. All credit reports and due-diligence documents and information relied upon by PFCU in granting or authorizing the lines of credit for the accounts subject of the transfers sued upon in this adversary proceeding in the name of Emmanuel Pacin.

S. All credit reports and due-diligence documents and information relied upon by PFCU in granting or authorizing the loans for the accounts subject of the transfers sued upon in this adversary proceeding in the name of Emmanuel Pacin.

T. All policies and procedures which govern your approval or disapproval for a corporate credit card or account.

U. All policies and procedures which govern your approval or disapproval for a business credit card or account.

V. All policies and procedures which govern your approval or disapproval for a personal credit card or account.